UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| WILLIE LADD #267322, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:05-cv-215 |
| | ) |
| v. | ) HON. R. ALLAN EDGAR |
| | ) |
| UNKNOWN PETERSON, | ) |
| | ) **OPINION** |
| Defendant. | ) |
| | ) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Willie Ladd, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Unknown Peterson, who is employed by the MDOC as a Resident Unit Officer at the Ojibway Correctional Facility. Plaintiff states that on February 22, 2005, while he was confined at the Ojibway Correctional Facility, an inmate named "Cogan" went into Plaintiff's cell while he was at chow and stole $60.00 worth of cosmetics. Plaintiff subsequently noticed Cogan had his property, and Defendant made Cogan return Plaintiff's property. On the following day, Defendant had Plaintiff placed in segregation for a "threatening behavior" ticket. After Plaintiff saw the Security Classification Committee (SCC), the Warden placed Plaintiff back in general population, in the same unit. One month later, prisoner Cogan received a "creative disturbants [sic]" ticket, for causing the altercation between himself and Plaintiff. However, Plaintiff claims that Defendant subsequently had him classified as a Security Threat Group II and had Plaintiff sent to a level V prison. Plaintiff claims that he has been discriminated against on the basis of his religious beliefs. Plaintiff seeks damages.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Liberally construing Plaintiff's complaint, it appears that he is attempting to show that Defendant violated his procedural due process rights by labeling him as an STG II, and having him transferred to a Level V prison. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate's did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *See also Mackey v. Dyke*, 111 F.3d 460 (6th Cir.), *cert. denied*, 118 S. Ct. 136 (1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See*

*Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, *2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, *1 (6th Cir. March 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Plaintiff's designation as a "Security Threat Group Member" is nothing more than a security classification used by the prison. Because plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

Plaintiff has no constitutional right to any particular placement or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State."*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.), *cert. denied*, 118 S. Ct. 136 (1997). Specifically, the Sixth Circuit has held that "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29,

1997)(citing *Sandin v. Conner*, 515 U.S. 472 (1995)). In the absence of a recognized liberty interest, placing Plaintiff in higher security level facility or increasing his security classification raises no issue of constitutional magnitude. Consequently, Plaintiff's due process claims are properly dismissed.

In addition, Plaintiff contends that he is being treated differently because of his religious affiliation as a member of MSTA. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. He merely states that he is being treated differently because of his religious beliefs. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001). Therefore, Plaintiff's equal protection claim is properly dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: *October 24, 2005*          /s/ R. Allan Edgar
                                  R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE